IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYLER JAMES SHAW,

        Petitioner,

   v.

DON MILLS,

        Respondent.

CV. 08-1273-KI

OPINION AND ORDER

TONIA L. MORO
Assistant Federal Public Defender
15 Newton Street
Medford, OR 97501

    Attorney for Petitioner

JOHN KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street
Salem, OR 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner Tyler James Shaw, an inmate at Two Rivers Correctional Institution, brings this habeas corpus proceeding

1 - OPINION AND ORDER

pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

Petitioner and four others were involved in a robbery and kidnaping in Lane County in 2003.  A co-defendant lured Frank Lara, a purported drug dealer, to a motel to rob him.  (Ex. 107, p.1.) After Lara entered the motel room, petitioner and the co-defendants came out of hiding, pointed guns at Lara, forced him to the floor, and bound him with duct tape. (Id.)  Lara told the men he had money in his vehicle.  Two passengers from the vehicle also were brought to the motel room, bound with duct tape, and left on the floor. Petitioner and the co-defendants drove away in Lara's car and later divided the money at petitioner's apartment. (Id. at 2.)

Petitioner was indicted on 12 counts arising out the incident. (Ex. 102.) Petitioner negotiated a plea agreement with the State whereby petitioner agreed to plead guilty to three counts each of Robbery in the First Degree and Kidnaping in the First Degree. (Ex. 103, p. 4-6.)   In exchange, the State agreed to recommend a sentence of 180 months.

Following a colloquy with petitioner, the trial court accepted the guilty pleas.  (Ex. 103, p.4.)   At sentencing, the judge sentenced petitioner to the mandatory minimum of 90 months on each conviction, with two of the counts to be served consecutively, and the remaining counts to run concurrently.  (Exs. 101 & 103.)

2 - OPINION AND ORDER

Petitioner did not file a direct appeal. (Ex. 104, p. 2). Petitioner did seek state post-conviction relief (PCR), asserting nine claims of ineffective assistance of counsel and two claims that his sentence was unconstitutional. (Ex. 104.)  Petitioner's primary argument in the PCR proceeding was that he would not have agreed to serve 180 months had he known that co-defendant Charles Lloyd Smith received only 110 months. (Ex. 105, p. 3-4.)  Following a hearing, the PCR court denied relief.  (Ex. 115.)

On appeal, petitioner's PCR counsel filed a brief pursuant to State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991).[1]  Petitioner's appellate counsel filed section A, noting that section B would be submitted by petitioner.  Petitioner did not submit section B.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Shaw v. Hall, 217 Or. App. 411, 174 P.3d 1132 (2007), rev. denied, 344 Or. 194 (2008).

In the instant proceeding, petitioner alleges four grounds for relief, including that: (1) counsel rendered received ineffective assistance by failing to investigate, negotiate a fair plea, and

---

[1] A Balfour brief allows appointed counsel to meet the constitutional requirement of "active advocacy" without violating rules of professional conduct.  Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous.  State v. Balfour, 311 Or. 434, 451-52, 814 P.2d 1069 (1991); Jackson v. Belleque, 2010 WL 348357 * 1, n.1 (D. Or. Jan. 21, 2010).

3 - OPINION AND ORDER

ensure that his guilty plea was knowing, voluntary, and intelligent; (2) his guilty plea was unlawfully induced; (3) he was denied the right of appeal; and (4) the prosecutor unlawfully failed to disclose favorable evidence.  Respondent moves to deny habeas relief on the basis that all of the claims are procedurally defaulted.

## DISCUSSION

### I.   Petitioner's Claims Are Procedurally Defaulted.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

A fair presentation requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of the law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label his claim "federal."  Baldwin, 541 U.S. at 32; Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  When a state prisoner fails to exhaust his federal claims in state court and the state court would now

4 - OPINION AND ORDER

find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Cook v. Schriro, 538 F.3d 1000, 1025 (2008), cert. denied, 129 S. Ct. 1033 (2009). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that failure to consider the claims will result in a miscarriage of justice. Coleman, 501 U.S. at 750.

Respondent argues that because petitioner did not supplement his Balfour brief with any grounds for relief, he has not fairly presented any of his claims to the state's highest court. Respondent contends that because petitioner is now barred from asserting those claims, they are procedurally defaulted. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); O.R.S. §§ 138.071, 138.650, 138.550(3).

Petitioner submits that although he did not submit section B, his claims have been fairly presented because appellate counsel filed a Balfour brief, attaching his PCR petition and the PCR judgment as the "Excerpt of Record," relying on Farmer v. Baldwin, 346 Or. 67, 205 P.3d 871 (2009).

In Farmer, the Oregon Supreme Court addressed a question certified from the Ninth Circuit concerning whether a petitioner had properly presented his federal claims to that court in the Balfour process. 346 Or. at 69-70. The Farmer court held that

5 - OPINION AND ORDER

under the relaxed Balfour standards of Oregon Rule of Appellate Procedure (ORAP) 5.90, attachment of petitioner's PCR brief to a Balfour brief could present legal questions for review "as long as the attachment serves as the section B of the petitioner's brief in the Court of Appeals and the petition for review incorporates that attachment." Id. at 80.  In light of that decision, the Ninth Circuit concluded that the petitioner's federal claims were fairly presented. Farmer v. Baldwin, 563 F.3d 1042, 1044 (9th Cir. 2009).

Petitioner's extension of the reasoning in Farmer was recently rejected by this court. Jackson v. Belleque, 2010 WL 348357, *3 (D. Or. Jan. 21, 2010.)  In Jackson, on appeal from post-conviction, counsel filed a Balfour brief containing section A, and the petitioner submitted one assignment of error in section B. Id. In his federal habeas petition, the petitioner raised several claims of ineffective assistance of counsel which the respondent contended were not fairly presented because they were not contained in section B. Id. The Jackson petitioner argued that his federal claims were fairly presented because they were contained in his PCR petition that his counsel had attached to section A, relying on Farmer. Id.

Rejecting that argument, Judge Brown distinguished Farmer, finding it significant that *the petitioner* did not attach the PCR petition as his section B.  That counsel had attached the PCR

6 - OPINION AND ORDER

petition as part of the "excerpt of record" did not aid the petitioner:

> The record does not suggest Petitioner's attorney attached the PCR petition as an attempt to raise the claims alleged therein before the Court of Appeals. Indeed, it would be anomalous for counsel to do so after certifying that he found no non-frivolous issues for appeal. Id. at *4.

I find the sound reasoning in Jackson persuasive. As in Jackson, counsel in this case attached the PCR petition as part of the "excerpt of record." The record demonstrates that petitioner was given the opportunity to submit claims in section B, but failed to do so. (Ex. 116.) In order to comply with ORAP 5.90, a petitioner must make *some attempt* to put the issues before the Court of Appeals. Farmer, 346 Or. 80. Petitioner may not correct his wholesale failure to identify *any* issues for review by relying upon his attorney's attachment of the PCR petition as part of the excerpt of record. Accordingly, none of petitioner's grounds for relief have been fairly presented.[2]

////

////

---

[2] I agree with respondent that grounds three and four are presented in this proceeding for the first time. Thus, they have not been fairly presented and are procedurally defaulted on that basis as well. O.R.S. § 138.550(3); O'Sullivan, 526 U.S. at 842; Casey, 386 F.3d at 916-17.

7 - OPINION AND ORDER

## II. **Petitioner Has Not Demonstrated Cause and Prejudice to Excuse His Procedural Default**.

Petitioner contends the cause of his procedural default is that the Balfour procedure broke down in his case and is an "ineffective corrective process." Petitioner argues that exhaustion should be excused because his appellate attorney did not comply with the Balfour standards by certifying that he thoroughly reviewed the record and including a statement of facts as required by ORAP 5.90(1)(a)(i) and (iii). Petitioner's argument misses the mark.

To begin, petitioner has no constitutional right to post-conviction counsel, and therefore petitioner bears the risk of any attorney errors in the post-conviction process. See Coleman, 501 U.S. at 752-54; Pennsylvania v. Finley, 481 U.S. 551, 558-59 (1990). Thus, any alleged deficiencies by PCR counsel in complying with the Balfour rules does not render the process unfair or constitute cause sufficient to excuse petitioner's procedural default. Ellis v. Armenakis, 222 F.3d 627, 632-33 (9th Cir. 2000); Mattei v. Hill, 2006 WL 2812583, *2-3 (D. Or. Sept. 26, 2006). See also Bonin v. Calderon, 77 F.3d 1155, 1159-60 (9th Cir.), cert. denied, 516 U.S. 1143 (1996)(no cause and prejudice for attorney's failure to allege ineffective assistance of counsel claim because there is no right to counsel in post-conviction proceedings).

Moreover, petitioner offers no explanation for his failure to file section B of the Balfour brief in the Court of Appeals.

Because petitioner has not demonstrated cause and actual prejudice to excuse his procedural default and does not argue that a fundamental miscarriage of justice will occur if his claims are not considered, habeas review is barred.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___16th___ day of APRIL, 2010.

    /s/ Garr M. King  
    Garr M. King  
    United States District Judge

9 - OPINION AND ORDER